UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN RODRIGUEZ,

                Plaintiff,

        -against-

SKY, 605 W 42ST OWNER LLC; NYPD;
KELSEY GARCIA, Police Officer; EMT CITY
OF NEW YORK,

                Defendants.

23-CV-8034 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, proceeding *pro se,* has filed a motion for a temporary restraining order requesting preliminary injunctive relief. The Court denies the motion.

## BACKGROUND

      On September 11, 2023, Plaintiff filed a complaint and several documents in support of a motion for a temporary restraining order. In the motion, he asks for his door, allegedly damaged by officers from the New York City Police Department ("NYPD"), to be repaired "sooner th[an] later"; he claims the NYPD damaged the door "due to error misunderstanding no fault of mine."[1] (ECF 2, at 1.) In an unsigned order to show cause, Plaintiff appears to seek relief relating to his eviction proceedings; in the submission, he states, "evicting me from my home for alleged rules in which we have set court date Nov. 1 2023. I have on going human right case against which makes it unlawful to bring all these [ridiculous eviction cases] against me." (ECF 3, at 2.)

---

[1] All spelling, grammar, and punctuation are as in the original submissions, unless otherwise noted by the Court.

## DISCUSSION

To obtain preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. First, in the motion seeking repairs of a damaged door, the motion does not suggest sufficiently serious questions going to the merits of this claim, requiring preliminary injunctive relief. Second, the facts alleged in support of the relief sought in the order to show cause– presumably, this Court's intervention in Plaintiff's eviction proceedings – do not suggest that this Court has subject matter jurisdiction of any claim relating to Plaintiff's eviction. Thus, the submission does not demonstrate a likelihood of success on the merits of any such claim.

Accordingly, Plaintiff's request for an order to show cause (ECF 2) is denied.

## CONCLUSION

Plaintiff's request for an order to show cause (ECF 2) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 12, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge