UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BENJAMIN RODRIGUEZ,

                                    Plaintiff,

            -against-

SKY, 605 W 42 ST OWNER LLC; NYPD,
KELSEY GARCIA (POLICE OFFICER);
EMT; CITY OF NEW YORK,

                                    Defendants.

---

23-CV-8034 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated his human and constitutional rights. Because Plaintiff names as Defendants a New York City Police Department ("NYPD") police officer, Defendant Kelsey Garcia, and the City of New York, the Court construes the complaint as asserting claims under 42 U.S.C. § 1983.

By order dated September 13, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Taking all of these standards together, courts liberally construe pleadings prepared by *pro se* litigants and hold them "'to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

## BACKGROUND

This action arises from Plaintiff's interaction with the management company of his apartment building, Defendant Sky 605 West 42nd Street Owner LLC ("Sky"), and its alleged involvement in his arrests by Defendant NYPD Officer Kelsey Garcia. The following facts are drawn from the complaint.

Sky "lyed . . . and had my $24,000 recuped they wrongfully evicted m[e] they lied under oath saying I committed crimes. I never did they disclosed personnel records and discuss medical information of mine they had a police officer file false reports."[1] (ECF 1, at 5.) Officer Garcia "several times lied under oath had me arrested 3 times . . . [and] [a]fter cases w[ ]ere dismiss she

---

[1] The Court quotes for the complaint verbatim. All spelling, grammar, and punctuation are as in the original, unless noted otherwise.

continued to relate me[.]" (*Id.*) The "NYPD made several false arrest intentionally spoke of my medical condition drop[ ] me down the stair injured my [illegible]." (*Id.* at 6.)

Plaintiff asserts that the "City of New York is responsible to keep it [illegible]." (*Id.*) In the injury section of the complaint, he states, "fracture tail bone/back mental distress." (*Id.*) In the relief section, he states, "I want a total of 1.5 million for lost time of work, defamation breach of contract breach of privacy lost time from home emotional distress pain and suffering TRO from landlord while wait case to be heard." (*Id.*)

Plaintiff attaches several documents to the complaint: (1) a May 19, 2022 personal injury claim, filed with the New York City Comptroller's Office, regarding an April 4, 2022 arrest at Plaintiff's residence (*id.* at 8-13); (2) a September 26, 2022 personal injury claim, filed with the Comptroller's Office by an attorney on behalf of Plaintiff, regarding an August 5, 2022 arrest at the NYPD's 10th Precinct (*id.* at 14-19); (3) Plaintiff's affidavit in support of his order to show cause to vacate a dismissal of an action in the Civil Court of the City of New York, assigned index number LT-0000685-23/NY ("Landlord-Tenant matter") (*id.* at 26); (4) a case summary of the Landlord-Tenant matter, indicating that Plaintiff filed an order to show cause on July 27, 2023 (*id.* at 27); (5) a document captioned for this court that includes a state court docket number (CV-0028-48-22\NY), titled, "Basis of Venue is the subject premises is located in New York County" (*id.* at 28); (6) a decision in Plaintiff's order to show cause filed in the Landlord-Tenant matter, denying the motion because Plaintiff "fail[ed] to show a meritorious defense" (*id.* at 29); and (7) Plaintiff's health chart from Northwell Health (*id.* at 35-52).

## DISCUSSION

### A.   Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Moreover, a complaint is subject to dismissal if its "form or substance prevents the defendant from forming a 'fair understanding' of the plaintiff's allegations or otherwise prejudices the defendant in responding to the complaint." *Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*, 51 F. Supp. 3d 319, 345 (S.D.N.Y. 2014). Ultimately, a complaint must give "fair notice" to the defendants. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("The function of pleadings under the Federal Rules is to give fair notice of the claims asserted." (internal quotation marks omitted)).

As explained in more detail below, Plaintiff's complaint does not comply with Rule 8 because Plaintiff does not make a short and plain statement showing that he is entitled to relief from the named Defendants, by placing them on notice of the claims asserted against them. Accordingly, the Court finds that "the complaint's form [and] substance prevent[ ] the defendant from forming a 'fair understanding' of the plaintiff's allegations." *Ong*, 51 F. Supp. 3d at 345.

### 1.    False Arrest Claims

Plaintiff alleges that Officer Garcia falsely arrested him three times, but he does not state any facts detailing these arrests or the circumstances that led to his being arrested.

To state a claim for false arrest, a plaintiff must allege facts indicating that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007). Officers have probable cause to arrest when they "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013) (emphasis and citation omitted). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest").

The complaint does not state a false arrest claim because Plaintiff does not allege any facts regarding his three arrests, except to state that Officer Garcia falsely arrested him. The attachments to the complaint indicate that on April 4, 2022, and August 5, 2022, NYPD officers arrested him; it is not clear, however, whether Plaintiff seeks to assert claims arising from those arrests or whether Officer Garcia arrested him on those dates. He also do provide the date of the third arrest. Finally, because an attorney filed his personal injury claim with the Comptroller's Office regarding the August 5, 2022 arrest, it also is not clear whether Plaintiff is pursuing relief in another venue regarding that arrest. The Court therefore grants Plaintiff leave to amend his complaint to detail his false arrest claims by identifying the dates on which he was

arrested, describing the events that led to his being arrested, and naming the officers who he believes violated his rights during each arrest. If Plaintiff has filed other actions regarding these arrests, he should provide details regarding those actions.

### 2.    Malicious Prosecution Claims

Because Plaintiff asserts that the charges against him were dismissed, the Court construes the complaint as asserting a malicious prosecution claim against Defendant Garcia.

The tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). To state a claim for malicious prosecution, a plaintiff must allege facts showing that the: (1) defendant initiated or continued a prosecution against the plaintiff; (2) defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) defendant acted with malice; and (4) prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002).

Plaintiff does not allege facts suggesting that any named defendant initiated a prosecution against plaintiff, lacked probable cause to commence the proceeding, or acted with malice when doing so. The Court therefore grants Plaintiff leave to amend his complaint to state facts in support of any malicious prosecution claims he intends to pursue.

### 3.    Use of Force

Plaintiff indicates that his injuries include a fractured "tail bone/back," suggesting that an individual used force against him. If Plaintiff intends to assert an excessive force claim against an NYPD officer, he must name the officer as a defendant and state facts in support of that claim.

### 4.    Municipal Liability

Plaintiff names as a defendant the City of New York, but he does not allege any facts suggesting the municipality's involvement in any violations of Plaintiff's rights. When a plaintiff

sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

If Plaintiff intends to pursue claims against the City of New York, he must state facts suggesting that a City policy, custom, or practice caused the violation of his rights during or after his arrests.

**5.    Private Actor**

Plaintiff names Sky, the company that manages his apartment building, as a defendant, stating that Sky "discuss[ed] medical information of mine [and] they had a police officer file false reports." (ECF 1, at 5.) The Court construes this claim as alleging that an individual employed with Sky discussed Plaintiff's medical information with an NYPD officer that resulted in his being arrested, in violation of Plaintiff's constitutional rights.

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983.

Private parties generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Where a private party provides a police officer with false information, and the officer arrests an individual based on the false information, liability for providing such information ordinarily does not arise. *Vlach v. Staiano*, 604 F. App'x 77, 78-79 (2d Cir. 2015) ("When police independently act to arrest a suspect on information provided by a party, that party is not liable for false imprisonment [i.e. arrest] – even if the information provided is later found to be erroneous." (quoting *King v. Crossland Sav. Bank*, 111 F.3d 251, 257 (2d Cir. 1997)) (internal quotation marks omitted)). A private party may be held liable for a false arrest, however, "if the complainant *intentionally* provided false information to instigate an arrest by law-enforcement officials, or had no reasonable basis for the report." *Biswas v. City of New York*, 973 F. Supp. 2d 504, 519 (S.D.N.Y. 2013) (emphasis added). In cases where a civilian complainant "had a reasonable basis" for the belief that a person was committing a crime, this basis suffices to defeat a false arrest claim, "even if a civilian complainant is ultimately incorrect in his belief as to whether a person is committing a crime." *Id.* (citing *TADCO Const. Corp. v. Dormitory Auth. of State of New York*, 700 F. Supp.2d 253, 275 (E.D.N.Y. 2010)); *see also Pacicca v. Stead*, 456 F. App'x 9, 12 (2d Cir. 2011) (existence of order of protection made it "reasonable" in that case to believe that a crime had been committed).

In the context of a malicious prosecution claim, where a civilian witness provides assistance to a prosecutor, such a witness may be liable for malicious prosecution, "if the information they falsely gave the prosecutor induced the prosecutor to act or if they conspire[d]

with a complaining witness to manufacture evidence that is likely to influence the prosecutor's decision to commence proceedings." *Watson v. Grady*, No. 09-CV-3055 (KMK), 2010 U.S. Dist. LEXIS 103473, *17-18 (S.D.N.Y. Sept. 30, 2010) (internal quotations omitted).

The complaint does not suggest that a Sky employee can be held liable for Plaintiff's alleged false arrests or malicious prosecutions. Plaintiff does not allege that a Sky employee intentionally shared false information with Officer Garcia or lacked a basis for the belief that Plaintiff was committing a crime. Moreover, the complaint does not suggest that any Sky employee provided any prosecutor with any information resulting in Plaintiff's prosecution. The Court therefore grants Plaintiff leave to amend this claim to state facts suggesting a Sky employee's liability under Section 1983.

**B.      New York City Police Department**

Plaintiff's claims against the NYPD must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses the claims against the NYPD for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid false arrest, excessive force, and malicious prosecution claims, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

## A.      John or Jane Doe Defendants

Plaintiff must name as the defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

---

[2] The caption is located on the front page of the complaint.  Each individual defendant must be named in the caption.  Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption.  If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint.  Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[3] For example, a defendant may be identified as: "Police Officer Doe #1 on duty August 4, 2022."

**B.      Statement of Claim**

In the "Statement of Claim" section of the amended complaint form, Plaintiff must

provide a short and plain statement of the relevant facts supporting each claim against each

defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff

should include all of the information in the amended complaint that Plaintiff wants the Court to

consider in deciding whether the amended complaint states a claim for relief. That information

should include:

    a)   the names and titles of all relevant people;

    b)   a description of all relevant events, including what each defendant did or failed to do,
        the approximate date and time of each event, and the general location where each
        event occurred;

    c)   a description of the injuries Plaintiff suffered; and

    d)   the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory
        relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his

federally protected rights and how; when and where such violations occurred; and why Plaintiff

is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wants to include from the original complaint

must be repeated in the amended complaint.

**C.      New York Legal Assistance Group**

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG"),

which maintains a free Clinic for Pro Se Litigants in the Southern District of New York that is

staffed by attorneys and paralegals to assist those who are representing themselves in civil

lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the

court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-8034 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses Plaintiff's claims against the NYPD for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

A copy of NYLAG's flyer with details of its clinic is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    November 6, 2023
          New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)


**AMENDED**

**COMPLAINT**

Do you want a jury trial?
□ Yes      □ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                            State                Zip Code

_____

Telephone Number                        Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                    Zip Code

Defendant 4:

_____

First Name                            Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                 Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

# NYLAG
### New York | Legal Assistance Group

## Services Provided for Self-Represented Litigants in the Southern District of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York provides free limited legal assistance to individuals who are representing themselves or planning to represent themselves in civil lawsuits in federal court in Manhattan and White Plains. The clinic is staffed by attorneys, law students, and paralegals. Information given to clinic staff is confidential.

### Clinic Staff Can:

- Advise on filing cases in federal court, including on the issue of whether a case should be filed in the Southern District of New York or somewhere else;
- Provide legal advice in response to questions that come up at any stage of litigation;
- Assist in getting additional information or research into the legal issue in your case;
- Review and explain court orders and filings by your opponent, and provide an overview of the federal legal process in civil cases generally;
- Assist with motions, discovery, and strategy;
- Assist with getting ready for depositions, pretrial conferences, mediations, and court appearances;
- Provide forms and instructions manuals;
- In appropriate cases, help you retain pro bono counsel;
- In appropriate cases, represent you in a mediation through the Southern District's Alternative Dispute Resolution Program, or a court-ordered settlement conference;
- In appropriate cases, represent you at a deposition; and
- In appropriate cases, provide referrals to other agencies and organizations that provide civil legal services and/or social services.

### Clinic Staff Cannot:

- Assist with federal civil cases that belong in a different federal court, such as the Eastern District of New York, which covers of New York, which covers Brooklyn, Queens, Staten Island, and Nassau and Suffolk Counties;
- Assist with an appeal of your federal case;
- Assist with state court cases, bankruptcy court cases, or criminal cases;
- Pay any of the costs associated with filing or defending a lawsuit in federal court;
- File documents with the court on your behalf;
- Appear on your behalf other than representation at a mediation through the Southern District's Alternative Dispute Resolution Program, a court-ordered settlement conference, or, in appropriate cases, a deposition;
- Write court documents for you; or
- Conduct an investigation into the facts of your case.

### Clinic Staff May Decline Assistance If:

- NYLAG has already given advice to your opponent;
- Your legal problem is beyond the scope of matters handled by the clinic;
- Providing assistance would conflict with the New York Rules of Professional Conduct;
- Your income and/or assets are high enough to allow you to retain private counsel; or
- NYLAG determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

Use of the NYLAG Legal Clinic for Pro Se Litigants is separate from any appointment of counsel by the court. A request for appointment of counsel requires a separate application and the decision whether to appoint counsel is entirely up to the court. Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

**New York:** Thurgood Marshall United States Courthouse | Room LL22 | 40 Foley Square | New York, NY 10007 | (212) 659 6190 | https://nylagoi.legalserver.org/modules/matter/extern_intake.php?pid=142&h=cea984&

