UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN RODRIGUEZ,

                    Plaintiff,

          -against-

SKY, 605 W 42 ST. OWNER LLC; KELSEY
GARCIA; EMT CITY OF NEW YORK,

                    Defendants.

23-CV-8034 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On November 6, 2023, the Court granted Plaintiff 60 days' leave to file an amended complaint. (ECF 10.) On November 16, 2023, Plaintiff filed a notice of interlocutory appeal, which was entered on the docket, and transmitted to the Court of Appeals. (ECF 11.) For the following reasons the Court dismisses the action and directs the Clerk of Court to enter judgment.

## DISCUSSION

### A.    Interlocutory Appeal Does Not Divest the Court of Jurisdiction

The Court retains jurisdiction to consider and dismiss Plaintiff's complaint, notwithstanding the pending interlocutory appeal. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a *per se* rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)). For example, the rule "does

not apply where an appeal is frivolous[,] [n]or does it apply to untimely or otherwise defective appeals." *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 595 (S.D.N.Y. 2012) (citation omitted).

Plaintiff appeals from this Court's order granting him leave to amend. Such an order is not a final order. *See, e.g.*, *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 224 (2d Cir. 2006) (holding that "[a] dismissal with leave to amend is a non-final order and not appealable."). Because Plaintiff is attempting to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is "premature" and a "nullity." *See, e.g.*, *Rodgers*, 101 F.3d at 252 (holding that notice of appeal from a nonfinal order did not divest the district court of jurisdiction); *Gortat v. Capala Bros.*, Inc., No. 07-CV-3629 (ILG), 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) ("An exception . . . [to the general rule that an appeal deprives a district court of jurisdiction] applies where it is clear that the appeal is defective, for example, because the order appealed from is not final and has not been certified for an interlocutory appeal."). Accordingly, this Court retains jurisdiction of this action.[1]

## B.    Order of Dismissal

In the Court's November 6, 2023 order, the Court granted Plaintiff 60 days' leave to file an amended complaint, specifying that if he did not file an amended pleading, the action would be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff has

---

[1] The appeal proceedings in the Court of Appeals have not moved forward since March 5, 2024. The Court of Appeals opened the appeal on November 16, 2023. *See Rodriguez v. Sky, 605 W 42 St Owner LLC*, No. 23-7815 (2d Cir.). On December 6, 2023, the Court of Appeals issued an order stating that the appeal would be dismissed by December 27, 2023, unless Plaintiff filed a Form D-P. *Id.* (Doc. No. 10.) On February 6, 2024, and March 5, 2024, the Court of Appeals received notice from the U.S. Postal Service that two of its mailings to Plaintiff were undeliverable. *Id.* (Doc. Nos. 13-14). The March 5, 2024 entry in Plaintiff's appeal is the last activity in that proceeding.

2

not filed an amended complaint within the time allowed. Therefore, the Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   July 12, 2024
       New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3